UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| VINCENT L. BROOKINS | * | CIVIL ACTION NO. _____ |
|---|---|---|
| | * | |
| | * | SECTION \_\_\_\_ |
| VERSUS | * | |
| | * | JUDGE _____ |
| | * | |
| | * | MAGISTRATE JUDGE _____ |
| MSI INVENTORY | * | |
| SERVICE CORPORATION | * | JURY DEMAND |

# C O M P L A I N T

Plaintiff Vincent L. Brookins, by his attorney, Paul F. Bell, alleges, on behalf of himself and all others similarly situated who opt into this action, as follows:

## NATURE OF ACTION

1. This is a challenge to Defendant's unlawful practice of deducting the cost of equipment from its employees' wages. As a result of Defendant's actions to its employees, employees that were otherwise exempt from being paid overtime wages lost that exempt status.

2. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (hereinafter, "FLSA"), Plaintiff alleges the following: i) that he is entitled to unpaid overtime wages from

Defendant for his work from each week that he worked more than forty hours; and ii) that he is entitled to liquidated damages equal to his unpaid overtime wages under FLSA.

3. Pursuant to the Louisiana Wage Claim (La. R.S. §§ 23:631 *et seq.*), Defendant was required to pay Plaintiff an amount due upon discharge but Defendant failed to do so. Plaintiff alleges that he is entitled to the following: i) his unpaid bonus; and ii) a penalty equal to ninety days wages at Plaintiff's daily rate of pay.

4. Pursuant to 29 U.S.C. § 216 (b), Plaintiff brings his FLSA claims as a collective action on behalf of himself and all other similarly situated employees of Defendant who elect to opt into this action.

5. Defendant ended Plaintiff's employment with Defendant on July 26, 2009. Plaintiff has found a job in a similar field as he was in before. Plaintiff respectfully seeks a declaratory judgment from this court finding that Plaintiff's new employment does not violate the noncompete clause of the employment contract that Plaintiff entered into with the Defendant.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's Louisiana Wage Claim pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in the Middle District of Louisiana pursuant to 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

### The Parties

7. Plaintiff Vincent L. Brookins is an adult citizen of the United States residing in the State of Alabama.

8. Defendant MSI Inventory Service Corporation (hereinafter, "MSI") is a foreign corporation doing business within the State of Louisiana and the Parish of East Baton Rouge.

9. Defendant operates the Baton Rouge office of MSI at 6141 Parkforest Drive in Baton Rouge, Louisiana 70816.

### Statutory Coverage

10. Plaintiff has been employed by Defendant several times during the period from August, 1998 to 2006. From approximately, August 28, 2006 to July 26, 2009, Plaintiff was employed by Defendant within the meaning of La. R.S. 23:631.

11. From approximately August 28, 2006 to July 26, 2009, Plaintiff was employed by Defendant within the meaning of 29 U.S.C. § 203 of FLSA.

12. Plaintiff signed an employment Contract ("Contract" hereafter) with Defendant on November 25, 2008. See Exhibit 1.

13. Clause eleven on page three of the Contract was a "covenant not to compete". It stated that Plaintiff could not be employed by a business that is in competition with Defendant to any extent or in any manner.

14. Clause eleven of the Contract did not describe those specified parish or parishes, municipality or municipalities, or parts thereof, that Plaintiff could not be employed in competition with Defendant.

15. Clause eleven of the Contract stated that Plaintiff could not be employed for three (3)

years in any business that is in competition with Defendant to any extent or in any manner.

16. Clause 19.5 of the Contract stated that the agreement would be construed under the laws of the State of Mississippi.

17. Defendant's counsel has notified Plaintiff's counsel of Plaintiff's obligations under the Contract and demanded that Plaintiff cease and desist in his violation of the Contract regarding the non-compete clause.

18. In performing his duties for Defendant, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of FLSA.

19. In performing his duties for Defendant, Plaintiff used goods and products that had been moved or produced in interstate commerce.

20. In performing his duties for Defendant, Plaintiff provided services to persons who resided in states other than Louisiana.

21. From August, 2006 to the filing of this Complaint, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA.

22. From August, 2006 to the filing of this Complaint, Defendant has used goods and products that have been moved or produced in interstate commerce.

23. From August, 2006 to the filing of this Complaint, Defendant has provided services to stores and their owners who reside in stores other than Louisiana.

24. From August, 2006 to the filing of this Complaint, Defendant has received payment for its services from private persons or entities from outside the State of Louisiana.

The Parties' Employment Relationship

25. Plaintiff was employed by Defendant from approximately August 28, 2006 to July

26, 2009 (hereinafter, the "Covered Period").

26. Throughout the Covered Period, Plaintiff was a full-time employee of Defendant.

27. Throughout the Covered Period, Plaintiff worked for Defendant as a manager.

Plaintiff's Work Hours and Schedules

28. Throughout the Covered Period, Defendant scheduled Plaintiff to work (barring vacation days, sick days, or other days off from his schedule) more than forty hours per week.

Plaintiff's Salary and Defendant's Deductions

29. Throughout the Covered Period, Defendant paid Plaintiff on a salary basis.

30. Throughout the Covered Period, Defendant had a company policy that should a salaried employee lose auditing equipment, that employee's wages would be decreased by $100 per paycheck until the value of the lost items had been paid to MSI.

31. Exhibit 2 is a copy of a document MSI distributed to its employees describing the company policy regarding the deduction of the cost of auditing equipment from employees' wages.

32. MSI deducted Plaintiff's wages for lost equipment on or about August 28, 2006.

33. In 2007, upon Plaintiff's information and belief, manager Betty Schmidt from the Hattiesburg, MS office of MSI was dismissed and had her wages deducted for lost equipment. Ms. Schmidt had the same position title as Plaintiff.

34. Defendant told Plaintiff that the deduction policy for lost equipment and the bonus policy were no longer in effect when Plaintiff was dismissed from MSI.

35. Plaintiff knew of no announcement by MSI to its employees while Plaintiff was at MSI that the deduction or bonus policies had ended.

Page -5-

Collective Action Allegations

36. During the Covered Period, Defendant employed other people as managers besides just Plaintiff or Betty Schmidt.

37. During the Covered Period, Defendant subjected managers besides just Plaintiff to the deduction policy outline above.

38. Upon information and belief, Defendant continues to subject its managers at its Baton Rouge, LA; Hattiesburg, MS; and other facilities to the same deduction policy it had applied to Plaintiff and Betty Schmidt.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

39. Plaintiff alleges and incorporates by reference all of the above allegations.

40. Under FLSA, Plaintiff was entitled to overtime premium compensation from Defendant of one and one-half times his regular rate of pay for hours he worked beyond forty hours per week for Defendant.

41. By the above course of conduct, Defendant has violated FLSA (*See* U.S. Dept. of Labor, Wage and Hour Division (DOL WH) Opinion Letter 3/10/2006; DOL, July, 2008. Fact Sheet #17B; DOL WH Opinion Letter 11/14/1981; 29 C.F.R. § 541.603(b); 69 Fed. Reg. at 22,176; 69 Fed. Reg. at 22,178).

42. Defendant has violated FLSA willfully.

43. Upon information and belief, Defendant's practice of deducting Plaintiff for lost auditing equipment was not approved in writing by the United States Department of Labor.

44. Upon information and belief, Defendant's practice of deducting Plaintiff for lost

auditing equipment was not based on Defendant's (or any of its agents) review of any policy or publication of the United States Department of Labor.

45. Upon information and belief, Defendant's practice of deducting Plaintiff for lost auditing equipment was not based on any advice of counsel received by Defendant.

46. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and other costs of this action, pursuant to 29 U.S.C. § 216(b).

47. Other managers similarly situated to Plaintiff are entitled to the same relief that Plaintiff seeks under FLSA.

## SECOND CLAIM FOR RELIEF
## LOUISIANA WAGE CLAIM

48. Plaintiff alleges and incorporates by reference all of the above allegations.

49. Plaintiff had left his position at MSI before 2006 and negotiated with MSI President, James O. McClain, to return to work at MSI in 2006. As a part of an employment agreement, McClain told Plaintiff that he would receive a bonus if he would accept employment at MSI.

50. McClain promised Plaintiff that Plaintiff would receive a percentage of the profit produced from the office from which Plaintiff would work provided the profits exceeded a certain amount.

51. Other managers, too, received bonuses according to the agreement described by McClain for Plaintiff but specific for the profits from the region for the respective manager.

52. Plaintiff worked at the Baton Rouge office following his employment in 2006. The Baton Rouge office produced profit at an amount required for Plaintiff to earn a bonus. Plaintiff

Page -7-

Case 3:10-cv-00068-AJM-DEK   Document 1   01/26/10   Page 7 of 10

met all objectives required for bonus to be given to him.

53. Upon Plaintiff's information and belief, he had earned $9,000 in bonuses that MSI never paid him.

54. Undersigned counsel sent MSI a demand letter via priority mail with signature confirmation on October 1, 2009. Counsel requested that MSI pay Plaintiff for his vested bonus and warned MSI that this payment for the bonus was mandated by law.

55. Despite amicable demand by Plaintiff's counsel to MSI, MSI refused to pay Plaintiff his vested bonus upon his discharge from MSI in violation of La. R.S. § 23:631, which requires an employer to pay an employee the amount due upon discharge on or before the next payday or no later than fifteen days following the date of discharge.

56. Plaintiff is entitled to penalties, attorney's fees, costs, interest, and $9,000 in lost wages pursuant to La. R.S. 23:631§§.

**FIRST CLAIM FOR RELIEF**
**DECLARATORY JUDGMENT**

57. As will be elaborated further in subsequent memoranda, since Plaintiff lived and worked in Louisiana, the law that applies to the Contract is Louisiana law.

58. Since the Contract is subject to Louisiana law and Defendant's counsel has demanded that Plaintiff cease and desist in Defendant's interpretation of the Contract, it is up to Plaintiff whether to agree to the choice of law provision of the Contract as provided in La. R.S. 23:921A(2).

59. Since Plaintiff elects the use of Louisiana law in the enforcement of the non-compete clause as allowed in La. R.S. 23:921A(2), and

60. Since Defendant has violated the provisions of Louisiana's non-compete law, La. R.S. 23:921, in not limiting the area in which to limit Plaintiff's employment to those specified parish or parishes, municipality or municipalities, or parts thereof, and

61. Since Defendant has allotted a three instead of the maximum two year period allowed under La. R.S. 23:921(C)for the non-compete clause,

62. Plaintiff respectfully requests that this Court find the non-compete clause of the Contract invalid.

## JURY DEMAND

63. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plainttiff respectfully requests that this Court grant the following relief:

64. issue a declaratory judgment that the non-compete clause of the Contract that Plaintiff and Defendant entered is invalid;

65. award Plaintiff the following unpaid wages:

    a. his unpaid bonus due under the Louisiana wage claim;

    b. his unpaid overtime compensation due under FLSA;

66. award Plaintiff the following liquidated damages or penalties:

    a. penalty of 90 days of wages under the Louisiana wage claim;

    b. liquidated damages equal to his unpaid overtime compensation under FLSA;

67. award Plaintiff prejudgment interest;

68. award Plaintiff reasonable attorneys' fees as well as the costs of this action;

69. award all similarly situated employees who opt into this action the same relief that Plaintiff is awarded under FLSA; and

70. award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

                                    Respectfully submitted,

                                    /s/ Paul F. Bell
Paul F. Bell (#30391)
Bell Law Firm, L.L.C.
4949 Tulane Drive
Baton Rouge, LA 70808
(225) 246-2325 (504) 638-0631 cell
Facsimile: (888) 812-7933
bz9@cox.net
*Attorney for Vincent L. Brookins*

## SERVICE INFORMATION

Plaintiff will issue a Notice of Lawsuit and Request for Waiver of Citation and Acceptance of Service to Defendant at the attorney for Defendant:
    Akers & Bobo, PLLC
    Michael A. Akers
    20 Eastgate Drive, Suite D
    P.O. Box 280
    Brandon, MS 39043
    601-825-4566        825-4588 fax
    mikeakers@akersbobo.com

                                    /s/ Paul F. Bell
                                    Paul F. Bell, Attorney for Plaintiff